IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CAROL BOONE | § | |
| v. | § | CIVIL ACTION NO. 6:14cv438 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has objected to the magistrate judge's report, arguing that "to justify the ALJ's credibility finding, the magistrate judge erroneously concluded that because the ALJ limited Ms. Boone's residual functional capacity to no interaction with the public, the ALJ sufficiently accounted for the limiting effects of Ms. Boone's severe depression and learning disability."

Plaintiff argues that residual functional capacity is a medical assessment, not a vocational assessment, and the ALJ has the duty to determine a claimant's RFC. However, she asserts that the magistrate judge erroneously used the vocational expert's testimony to justify the ALJ's credibility and RFC findings regarding her limitations resulting from the mental impairments which the ALJ found to be severe.

The ALJ found Plaintiff's depression and learning disability to be severe impairments and accordingly limited her RFC to understanding, remembering, and carrying out simple and detailed instructions, and precluded her from complex instructions. *See generally* Jones v. Astrue, 821

F.Supp.2d 842, 851 (N.D.Tex. 2011) (ALJ implicitly found that claimant's depression was severe and addressed this impairment at Step Four by imposing a limitation of only simple tasks); Pete v. Astrue, civil action no. 08-774, 2009 WL 2648453 (W.D.La., November 3, 2009) (finding of severe impairment of depressive disorder accommodated in the RFC by a limitation of the claimant to limited contact with the public and simple one to three step procedures that are routine and repetitive, without frequent changes in duties). The psychological expert at the hearing testified that Plaintiff is able to understand, remember, and carry out details, but not complex instructions, make decisions, concentrate for extended periods, interact with others, and respond to changes (Tr. 62). Plaintiff has failed to show that the ALJ's determination in this regard was not supported by substantial evidence.

The vocational expert testified that a hypothetical person with the Plaintiff's vocational background and the residual functional capacity assigned by the ALJ would not be able to perform the Plaintiff's past relevant work, but would have jobs available that existed in significant numbers in the national economy, including lens inserter (DOT code 713.687-026), charge account clerk (DOT 205.367-014), and eyeglass frame polisher (DOT code 713.684-038). Plaintiff has not shown that the magistrate judge used the vocational expert's testimony to justify the ALJ's credibility determination or RFC determination. This testimony was relevant to the ALJ's Step Five determination. The Plaintiff has failed to show that the magistrate judge used the testimony of the vocational expert to justify the ALJ's credibility and RFC findings. Her objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 23) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this 19th day of February, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE